UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

PAULETTA CUTTINO,
　　　　　*Defendant-Appellant.*

No. 03-4696

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Lacy H. Thornburg, District Judge.
(CR-02-244-T)

Argued: June 4, 2004

Decided: July 20, 2004

Before WILKINS, Chief Judge, and NIEMEYER and
TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Denzil Horace Forrester, Charlotte, North Carolina, for
Appellant. Jack M. Knight, Jr., Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United
States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pauletta Cuttino appeals her convictions for eleven counts of bank fraud, *see* 18 U.S.C.A. § 1344 (West 2000). Finding no error, we affirm.

### I.

Cuttino worked as a telephone operator for First Union Direct, a division of First Union National/Wachovia Bank, from April 9, 2001 until January 25, 2002. In her position as an operator, Cuttino had access to customers' personal identification numbers (PINs) and account information; she used that information to make unauthorized withdrawals from customer accounts. These funds would then be deposited into either Cuttino's account or those of her associates.

On November 25, 2002, Cuttino was arrested and James Gronquist was appointed as her attorney. On December 11, Cuttino's case was placed on the trial calendar for January 6, 2003. On December 19, Gronquist moved to continue the case and to withdraw as counsel of record for Cuttino. Gronquist stated that Cuttino was dissatisfied with his services and that he had advised her to immediately seek new counsel in the event her motion to continue was denied.

The motion to withdraw was referred to a magistrate judge, who conducted a hearing and granted leave to withdraw. The district court denied the motion to continue on December 23. On December 27, Danielle B. Obiorah was appointed to represent Cuttino. Obiorah moved for a continuance on December 31, asserting lack of time to prepare for trial. The district court denied the motion that same day, stating that it had listened to the tape-recorded proceedings regarding the motion to withdraw and that "neither Mr. Gronquist nor the Defendant presented a ground warranting his removal from the case.

Indeed, the Defendant's statements show her conscious refusal to cooperate with her attorney was a personal decision, perhaps designed to delay the trial." Supp. J.A. 8-9.

On January 6, 2003, Obiorah's second motion to continue was denied and the case proceeded to trial. Cuttino's primary defenses were that she was not the individual making the calls on the tape-recorded evidence and that she did not have the access required to authorize wire transfers. Indeed, Cuttino claimed that because some of the transfers occurred after she was terminated she could not be responsible. Cuttino also argued that the Government did not properly investigate or look into other potential suspects. Following a two-day jury trial, Cuttino was convicted.[1]

II.

A.

Cuttino first argues that the district court violated her Sixth Amendment right to the effective assistance of counsel by denying the motions to continue.[2] "Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The denial of a continuance is improper only when there is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* at 11-12 (internal quotation marks omitted). Because the court is granted great latitude in managing its time, we review decisions regarding the trial calendar for abuse of discretion. *See id.* at 11.

---

[1]Prior to sentencing Obiorah sought leave to withdraw as counsel. The motion was granted.

[2]In her brief, Cuttino appears to argue at times that trial counsel was ineffective even if there had been sufficient time to prepare. Because ineffectiveness does not conclusively appear on the face of the record, any such claim is not properly before us at this time. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

Here, the district court determined that because the case originated in Charlotte, North Carolina and was being tried in Asheville, North Carolina, granting a continuance would unduly burden witnesses and attorneys, many of whom would have to revise their travel arrangements. As noted above, the court also expressed doubt about the legitimacy of Cuttino's dissatisfaction with prior counsel. *See id.* at 13 (stating that a request for a continuance is properly denied when it is "a transparent ploy for delay"). We conclude, therefore, that denial of the motions to continue was not an abuse of discretion by the district court.

Even if the district court did abuse its discretion in denying the motions for continuance, Cuttino has failed to demonstrate that the denial of the motions "specifically prejudiced" her case. *United States v. Stewart*, 256 F.3d 231, 244 (4th Cir. 2001) (internal quotation marks omitted). We agree with the Government that the case against Cuttino involved "relatively straight forward bank fraud" and that extensive preparation for a two-day jury trial was unnecessary. Br. for the United States at 8. And, the record indicates that Obiorah was adequately prepared for trial: she made opening and closing statements, cross-examined witnesses, and made timely objections. Cuttino claims that if granted a continuance, counsel could have traveled to New York to interview potential witnesses, but she fails to specify how these witnesses might have contributed to her defense. Therefore, even if it is assumed that the district court abused its discretion in denying Cuttino's motions to continue, she suffered no "specific prejudice."

### B.

Cuttino also contends that the trial court abused its discretion in overruling her objection to the admission of hearsay. *See United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996) (en banc) (stating standard of review). At trial, a witness for the Government testified that she was instructed to have checks made out in her name and in the name of "Kareem Cuttino." Cuttino objected, arguing that the statement was hearsay. The district court overruled her objection.

The witness' testimony was not hearsay. An out-of-court declaration is hearsay only if it is a statement offered "to prove the truth of

the matter asserted." Federal R. Evid. 801(c). An order or instruction, however, is "neither true nor false and thus cannot be offered for its truth." *United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984). Moreover, the court specifically instructed the jury that the testimony was offered solely to explain the witness' actions, thereby avoiding any misunderstanding. *See United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998) ("We generally presume that a jury will follow cautionary instructions regarding potentially prejudicial evidence.") We therefore affirm the ruling of the district court.

## III.

For the reasons set forth above, we affirm Cuttino's convictions.

*AFFIRMED*